Filed 2/11/21  P. v. Carter CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074159 |
| v. | (Super.Ct.No. FSB03821) |
| JERMAINE CORNELIUS CARTER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and A. Natasha Cortina, Deputy Attorneys Generals, for Plaintiff and Respondent.

1

# I. INTRODUCTION

Defendant and appellant Jermaine Cornelius Carter appeals from an order denying his petition to vacate his murder conviction and obtain resentencing pursuant to Penal Code[1] section 1170.95, which was enacted by the Legislature through its passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437). In denying the petition, the trial court found Senate Bill 1437 unconstitutional and, alternatively, concluded defendant was ineligible for relief.

On appeal, defendant argues the trial court erred in finding Senate Bill 1437 unconstitutional, as well as finding him ineligible for resentencing. The People concede Senate Bill 1437 is constitutional, but argue defendant was ineligible for relief as a matter of law due to the jury's attendant special circumstance finding. As numerous Courts of Appeal have concluded, including this court, we find Senate Bill 1437 is constitutional. We also find that defendant was ineligible for relief, and therefore affirm the order of the trial court denying defendant relief under section 1170.95.

# II. FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 27, 1994, defendant, Walter Reginald Beasley, James Charles Beasley (the Beasley brothers), and the first victim were arguing in an alley in Rialto.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The summary of the factual background is taken from this court's nonpublished opinions from defendant's prior appeals in case Nos. E015694, E071716, and E072919. (*People v. Carter* (Jan. 14, 1997, E015694) [nonpub. opn.] (*Carter I*); *People v. Carter* (July 30, 2019, E071716) [nonpub. opn.] (*Carter II*); (*People v. Carter* (Nov. 8, 2019, E072919) [nonpub. opn.] (*Carter III*).)

Gunfire erupted between defendant and the victim, and the victim was killed. The three left in one of the Beasley brothers' cars.

They drove to Ivan Ray Warren's house and then took off with him in his car. They drove to a store where two of the four entered, held up the clerk at gunpoint, had him open the cash drawer, then shot him in the head, killing him.

Next, they traveled to the parking lot of a department store, where they robbed a man whose disabled car was parked there. They then drove to the parking lot of a nearby restaurant, where a woman and man were held up at gunpoint.

On August 25, 1994, an information was filed charging defendant with seven felony counts: one count of attempted murder (§§ 664/187, subd. (a); count 1) of Ronnie F.; one count of murder (§ 187, subd. (a); count 2) of William R. with a firearm enhancement (§ 12022.5, subd. (a)); one count of second degree robbery (§ 211; count 3) with a firearm enhancement (§ 12022.5, subd. (a)); one count of murder (§ 187, subd. (a); count 4) of Robert K. with special allegations that the crime occurred during the commission of a robbery (§ 190.2, subd. (a)(17), and multiple murders (§ 190.2, subd. (a)(3)); and three counts of second degree robbery (§ 211; counts 5, 6, & 7).[3]

This matter went to trial by jury against both defendant and codefendant Warren. Upon conclusion of the evidence, both defendants made motions under section 1118.1 for dismissal of all charges against them. The trial court denied the motion in its entirety as

---

[3] The criminal complaint also named the Beasley brothers and Warren as defendants. Both Beasley brothers entered a plea before trial and codefendant Warren was tried with defendant.

to codefendant Warren and granted defendant's motion only as to count 1, attempted murder. (See *Carter II*, E071716, at pp. 3-4.)

Subsequently, the jury convicted defendant and codefendant Warren of four counts of second degree robbery (§ 211), during one of which defendant used a handgun (§ 12022.5, subd. (a)), and one count each of first degree murder (§ 187). As to both defendants, the jury further found the special circumstance that the murder occurred during a robbery (§ 190.2, subd. (a)(17)), and, as to defendant, the jury found the special circumstance of multiple murder (§ 190.2, subd. (a)(3)). The jury also convicted defendant of second degree murder, during which he used a handgun. Both defendants received life terms without the possibility of parole, along with determinate terms. (*Carter II*, *supra*, E071716, at p. 4.)

Defendant appealed, making a variety of contentions, including: (1) error of the trial court in denying the defenses' motion to sever; (2) the admission of preliminary hearing transcripts; (3) jury instructions involving membership in a conspiracy; (4) failure of the trial court to instruct the jury with CALJIC Nos. 6.22 or 17.00; (5) absence of instructions on the timing of the defendants' intent and acts as aiders and abettors; and (6) the trial court's failure to instruct the jury with CALJIC No. 9.44 on the duration of the robbery. This court rejected each of defendant's contentions and affirmed the judgment in a nonpublished opinion filed on January 14, 1997. (*Carter II*, *supra*, E071716, at p. 4.)

On September 22, 2017, defendant filed a section 851.85 motion to seal records on acquittal if person appears to be factually innocent. (*Carter II*, *supra*, E071716, at p. 5.) The trial court denied defendant's section 851.85 motion on October 19, 2018, and this court affirmed the trial court's denial of his motion in a nonpublished opinion filed on July 30, 2019. (*Carter II*, *supra*, E071716, at pp. 2, 6, 12.)

On January 1, 2019, Senate Bill No. 1421 (Senate Bill 1421) became effective. (See Stats. 2018, ch. 988, § 2; see § 832.7, subd. (a).) Senate Bill 1421 amended section 832.7. The plain text of the amended statute excludes certain information from the confidentiality afforded by section 832.7, subdivision (a).[4]

On February 6, 2019, defendant in propria persona filed a motion to recall his sentence and for resentencing under Penal Code section 1170, subdivision (d)(2)(F), (G), (H), (I), and (J), and a request for an evidentiary hearing regarding disparity of the sentence and perjury by law enforcement pursuant to Senate Bill 1421, Penal Code sections 1473 and 1054.9, and Evidence Code section 401. (*Carter III*, E072919, at p. 6.)

On March 27, 2019, the trial court summarily denied defendant's motion for resentencing under section 1170 and Senate Bill 1421. (*Carter III*, *supra*, E072919, at p. 6.) Defendant appealed and, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirmed the trial court's ruling. (*Carter III*, *supra*, E072919, at pp. 6-7.)

---

[4] As amended, subdivision (a) applies "[e]xcept as provided in subdivision (b)." Subdivision (b) declares in turn that, "[n]otwithstanding . . . any other law," certain "peace officer or custodial officer personnel records and records maintained by any state or local agency shall not be confidential and shall be made available for public inspection pursuant to the California Public Records Act." (§ 832.7, subd. (b)(1).)

On January 1, 2019, Senate Bill 1437 also became effective, which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder. (See Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)

On July 3, 2019, defendant in propria persona filed a petition for resentencing pursuant to section 1170.95, requesting that his murder conviction be vacated based on changes to sections 188 and 189, as amended by Senate Bill 1437, and asking to be resentenced. The People moved to strike the petition based on the unconstitutionality of Senate Bill 1437 and resulting statutes. The People thereafter filed an informal response to the petition, along with a request for judicial notice of the underlying trial, arguing defendant failed to state a prima facie case for relief.

On September 26, 2019, defendant's appointed counsel filed an opposition to the People's motion to strike, arguing Senate Bill 1437 is constitutional. Defense counsel also asserted that defendant had made a prima facie case for relief and that the burden had shifted to the prosecution to establish he was not eligible for relief.

On October 9, 2019, the trial court issued a tentative decision finding Senate Bill 1437 unconstitutional and, concluding alternatively, that defendant was ineligible for relief. As to his second degree murder conviction (count 2), the court noted that

6

defendant was the actual killer. As to his first degree murder conviction (count 4), the court explained the attendant special circumstance finding, namely murder committed in the commission of a robbery, established that defendant either acted with the specific intent to kill or was a major participant who acted with reckless indifference to human life. The court continued further hearing to permit the parties to prepare additional briefing to address the tentative decision.

The parties ultimately submitted, and the trial court, following its tentative decision, denied defendant's section 1170.95 petition on November 4, 2019, in a written ruling.

On November 15, 2019, defendant timely filed a notice of appeal from the trial court's order denying his section 1170.95 petition.

### III. DISCUSSION

Defendant contends the trial court erred when it found Senate Bill 1437 unconstitutional. He also argues the court erred in summarily denying his section 1170.95 petition for resentencing because he had established a prima facie showing he was entitled to relief in his petition. Defendant further asserts that the court erred as a matter of law when it based its decision to deny his petition on the jury's special circumstances finding. He believes the record supports a possible entitlement to relief, and therefore we should remand the case with directions to proceed in accordance with the statute.

The People concede Senate Bill 1437 is constitutional but argue defendant was ineligible for relief as a matter of law due to the jury's attendant special circumstance finding. Thus, the People maintain defendant failed to make a prima facie showing he was entitled to relief.

A.    *Standard of Review*

We review de novo questions of statutory construction. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1041.) "Our primary task 'in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent.'" (*Ibid*.)

B.    *Constitutionality of Senate Bill 1437*

Numerous appellate courts, including this court, have thoroughly considered the constitutionality of Senate Bill 1437 and concluded that Senate Bill 1437 is constitutional. (See *People v. Lippert* (2020) 53 Cal.App.5th 304 (*Lippert*); *People v. Johns* (2020) 50 Cal.App.5th 46, 54-55 (*Johns*); *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 281-282, 287-289 (*Gooden*); *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 257-264 (*Lamoureux*); *People v. Bucio* (2020) 48 Cal.App.5th 300, 307 (*Bucio*); *People v. Solis* (2020) 46 Cal.App.5th 762, 769 (*Solis*); *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 (*Cruz*); *People v. Smith* (2020) 49 Cal.App.5th 85, 91 (*Smith*), review granted, July 22, 2020, S262835; *People v. Prado* (2020) 49 Cal.App.5th 480, 491-492 (*Prado*).)

8

Recently, this court in *Lippert*, adopting the reasons thoroughly explained in *Gooden* and *Lamoureux*, followed our opinion in *Johns*, *supra*, 50 Cal.App.5th 46, and joined other appellate courts which have held Senate Bill 1437 is constitutional. (*Lippert*, *supra*, 53 Cal.App.5th at p. 314; see *People v. Lopez* (2020) 51 Cal.App.5th 589; *Solis*, *supra*, 46 Cal.App.5th at p. 769; *Cruz*, *supra*, 46 Cal.App.5th 740; *Bucio*, *supra*, 48 Cal.App.5th 300; *Prado*, *supra*, 49 Cal.App.5th 480.) Consistent with the decisions in the preceding cases, we conclude Senate Bill 1437 is constitutional.

C.      *Senate Bill 1437*

Senate Bill 1437, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending sections 188 and 189. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722 (*Martinez*).) By amending sections 188 (defining malice) and 189 (defining the degrees of murder), Senate Bill 1437 changed "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *Martinez*, at pp. 722-723.)

Senate Bill 1437 did not "alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily 'know and share the murderous intent of the actual perpetrator.'" (*People v. Lewis* (2020) 43 Cal.App.5th

9

1128, 1135 (*Lewis*), review granted Mar. 18, 2020, S260598.[5]) Accordingly, "[o]ne who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law." (*Ibid*.)

Senate Bill 1437 also added section 1170.95. That section provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) A person filing a petition under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing and a hearing if, in his petition, he "makes a prima facie showing that he . . . is entitled to relief" under that section. (§ 1170.95, subds. (c) & (d); *Lewis*, *supra*, 43 Cal.App.5th at pp. 1139-1140; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

A petition may be filed when the following three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The

---

[5] Under California Rules of Court, rule 8.1115, we may rely on appellate cases while review is pending as persuasive authority. (Cal. Rules of Court, rule 8.1115(e)(1), eff. July 1, 2016.)

petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see *Martinez*, *supra*, 31 Cal.App.5th at p. 723.) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he or she "was the actual killer." (§ 189, subd. (e)(1).) A "'prima facie showing is one that is sufficient to support the position of the party in question.' [Citation.]" (*Lewis*, *supra*, 43 Cal.App.5th at p. 1137.)

Courts of Appeal have interpreted section 1170.95 to provide for multiple reviews of a petition by the trial court. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897-898, review granted Aug. 12, 2020, S263219; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58, review granted Mar. 18, 2020, S260410; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 326-328.) Subdivision (b) of section 1170.95 describes an initial review to determine the facial sufficiency of the petition. (*Verdugo*, at pp. 327-328.) To be facially sufficient, the petition must contain the petitioner's declaration that the petitioner is eligible for relief according to the criteria in subdivision (a), the case number and year of conviction, and whether the petitioner is requesting appointment of counsel. (§ 1170.95, subd. (b)(1).) If the petition is missing any of this information "and cannot be readily ascertained by the court, the court may deny the petition without prejudice." (§ 1170.95, subd. (b)(2).) This initial review amounts essentially to a ministerial review to ensure that the right boxes are checked.

Section 1170.95, subdivision (c), then describes the next two levels of review and sets forth the trial court's obligations upon the submission of a complete petition. It

provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The first sentence in subdivision (c) refers to a prebriefing, initial prima facie review to preliminarily determine a petitioner's statutory eligibility for relief as a matter of law. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.) In this step of review, the trial court determines, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief. (*Id*. at pp. 329-330.) The court may review the complaint, the information or indictment, the verdict form or the documentation for a negotiated plea, and the abstract of judgment. (*Ibid*.) A Court of Appeal opinion is part of the defendant's record of conviction (*id*. at p. 333; *Lewis*, *supra*, 43 Cal.App.5th at pp 1137-1138 [in determining the sufficiency of a section 1170.95 petition, the court may review the record of conviction, which includes the opinion in a defendant's direct appeal]; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080-1081 [same]), as are jury instructions. (*People v. Soto* (2020) 51 Cal.App.5th

1043, 1055, review granted Sept. 23, 2020, S263939.) If these documents reveal ineligibility for relief, the trial court can dismiss the petition. (*Verdugo*, at p. 330.)

Courts of Appeal, including this court, have rejected the argument that a trial court is limited to the allegations in the petition when determining whether the petitioner has stated a prima facie claim for relief under section 1170.95. The Courts of Appeal concluded that a trial court can consider the defendant's record of conviction, including documents in the court's own file and the appellate opinion resolving the defendant's direct appeal, in determining eligibility. (*Lewis*, *supra*, 43 Cal.App.5th at pp. 1137-1138; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330; *People v. Law* (2020) 48 Cal.App.5th 811, 820-821 (*Law*), review granted July 8, 2020, S262490.) Accordingly, we reject defendant's contention that the trial court was limited to only considering the face of the petition when it determined he had not made a prima facie case entitling him to relief. (*Law*, at pp. 820-821 [trial court did not err by looking to the record of conviction, the opinion in the defendant's direct appeal, and the jury instructions from his trial in evaluating his petition].)

But, if the record of conviction does not establish as a matter of law the petitioner's ineligibility for resentencing, evaluation of the petition proceeds to the second prima facie review, in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief."

(*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.)  The trial court must accept as true the petitioner's factual allegations and make a preliminary assessment regarding whether the petitioner would be entitled to relief if the factual allegations were proved.  (*Id*. at p. 328.)

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1).)  At such a hearing, both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence.  (§ 1170.95, subd. (d)(3).)  "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3); *Martinez*, *supra*, 31 Cal.App.5th at pp. 723-724.)

D.     *Eligibility Under Section 1170.95*

Defendant contends he had made a prima facie showing he was entitled to relief under section 1170.95, and thus the trial court should have issued an order to show cause. We disagree.

Here, it is undisputed that a jury convicted defendant of first degree murder (§ 187) while defendant was engaged in the commission of the crime of robbery (§ 190.2, subd. (a)(17)), and this court affirmed the judgment of conviction in its entirety.  (*Carter I*, *supra*, E015694; see *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) The record of conviction shows that defendant was a major participant, and acted with reckless disregard for human life, in the commission of the murder.  Thus, for the reasons

14

explained below, defendant would not be able to refute he was convicted on a valid theory of murder which survives the changes to sections 188 and 189.

E.  *Jury's Special Circumstance Finding*

Relying on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), defendant argues even if the trial court is entitled to look beyond the petition, it erred in concluding the jury's 1995 special circumstance finding conclusively barred him from obtaining relief.  According to defendant, "a robbery-murder special circumstance finding made before *Banks* and *Clark* is not dispositive, or even relevant, on whether the petitioner is eligible for relief under section 1170.95."  The People assert *Banks* and *Clark* did not alter the law of murder for purposes of section 1170.95, and a habeas petition is the proper mechanism to raise a *Banks* or *Clark* claim.

Section 190.2 sets forth the special circumstances under which murderers and accomplices can be punished by death or life without possibility of parole.  One such circumstance is when a defendant is found guilty of first degree murder committed while the defendant was engaged in, or was an accomplice in, the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)).  However, a death resulting during the commission of a robbery (or any other felony enumerated in section 189) is insufficient, on its own, to establish a felony-murder special circumstance for those defendants, like defendant here, who were not found to be the actual killer.  Such defendants can only be guilty of special circumstance felony murder if they aid in the murder with the intent to

15

kill (§ 190.2, subd. (c)), or, lacking intent to kill, aid in the felony "with reckless indifference to human life and as a major participant." (§ 190.2, subd. (d)). These are also the particular facts the prosecution must prove in order to establish guilt under the felony-murder statute as amended by Senate Bill 1437.

In *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), we determined that our Supreme Court's decisions in *Banks* and *Clark* "'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for purposes of special circumstance allegations under section 190.2, subdivision (d)." (*Jones*, at p. 482, citing *In re Scoggins* (2020) 9 Cal.5th 667, 671 and *In re Miller* (2017) 14 Cal.App.5th 960, 978.) We noted that *Banks* and *Clark* did not change the law or create a new rule of law and concluded the defendant's special circumstance finding rendered him ineligible for relief under section 1170.95 as a matter of law. (*Jones*, at pp. 482, 486-487.)[6]

We observed, "[t]he only difference . . . between a pre-*Banks*/*Clark* special circumstance finding and a post-*Banks*/*Clark* finding is at the level of appellate review. If the finding was challenged on direct appeal before *Banks* and *Clark*, appellate review

---

[6] Prior to our decision in *Jones*, in *Law*, *supra*, 48 Cal.App.5th 811, we held that, because the defendant was convicted before *Banks* and *Clark*, he was "entitled to a determination of whether the trial evidence [was] sufficient to support the section 190.2 special circumstances finding under the principles articulated in those cases." (*Id*. at p. 821.) We further concluded that whether there was sufficient evidence that a defendant was a major participant in a robbery who acted with reckless indifference to human life was a question we could decide on appeal. (*Id*. at p. 822.) Thus, we considered the facts from the nonpublished opinion we issued in 2008 and found the defendant was ineligible for relief. (*Id*. at p. 825.)

of the sufficiency of the evidence to support the finding was not informed by *Banks* and *Clark*. Thus, the proper procedure for [a defendant] to challenge his special circumstance finding is to file a habeas petition and demonstrate the finding is not supported by sufficient evidence under *Banks* and *Clark*. (See [*People v.*] *Ramirez* [(2019)] 41 Cal.App.5th [923,] 926-928, 933 [directing trial court to grant [defendant]'s section 1170.95 petition because he had been successful in getting his special circumstance finding vacated on habeas corpus review].) This postconviction procedure has been available to [defendant] since the issuance of *Banks* in 2015." (*Jones*, *supra*, 56 Cal.App.5th at p. 483.) The same is true with respect to defendant here.

We further noted, "[o]ur appellate courts have recently split over whether such a pre-*Banks*/*Clark* special circumstance finding renders a petitioner ineligible for relief under section 1170.95 as a matter of law. (Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033 (*Gomez*), *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284 (*Galvan*), and *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*) [concluding [a] special circumstance finding renders a petitioner ineligible for relief as a matter of law], with *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011 (*Torres*), *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*), and *People v. York* (2020) 54 Cal.App.5th 250 (*York*) [reaching the opposite conclusion].)" (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479, 483.)

In this case, we find defendant is not, as a matter of law, entitled to resentencing under section 1170.95 for the reasons set forth in our opinion of *Jones*, *supra*, 56 Cal.App.5th 474, and the cases with which we agree. In our view, a jury's robbery special circumstance finding renders a defendant ineligible for resentencing and the proper procedure for challenging the sufficiency of the evidence to support a pre-*Banks*/*Clark* finding is by way of a habeas corpus petition.

Defendant contends that, under *Torres*, *supra*, 46 Cal.App.5th 1168, reversal is required and that the trial court incorrectly determined the jury's true finding on the robbery-murder special circumstance rendered him ineligible for relief. The People respond *Torres* was wrongly decided.

*Torres*, *supra*, 46 Cal.App.5th 1168, concluded that in light of the Supreme Court's opinions, we "cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that [defendant] was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Id*. at p. 1179; accord, *Smith*, *supra*, 49 Cal.App.5th at p. 95 ["Section 1170.95 provides 'the petitioner may rely on the record of conviction or offer new or additional evidence to meet [his] burden[ ].' (§ 1170.95, subd. (d)(3).) It is conceivable that [defendant] may be able to provide evidence not presented at trial that would demonstrate either that he was not a major participant in the robbery or did not act with reckless indifference to human life."].)

As we did in *Jones*, we respectfully disagree with *Torres* and *Smith* "because, in our view, they rest on a misunderstanding of the effect of *Banks* and *Clark*, and they

18

overlook the plain language of section 1170.95." (*Jones*, *supra*, 56 Cal.App.5th at p. 483.) The *Banks* and *Clark* decisions did not pronounce new standards for the determination of "major participant" and "reckless indifference." The pattern jury instructions that guide juries in determining felony-murder special circumstances remain the same. The facts determined by defendant's jury are the same as the facts that would be determined by a jury today.

As previously explained, section 1170.95 explicitly limits evidentiary hearings to circumstances where a petitioner can demonstrate they "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) "[T]here is no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards. The mandatory instructions did not change, and the pre-*Banks* and *Clark* jury necessarily resolved the same factual issues beyond a reasonable doubt that a post-*Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt. [¶] Of course, jury findings in a final judgment are generally considered to be valid and binding unless and until they are overturned by collateral attack." (*People v. Nunez* (2020) 57 Cal.App.5th 78, 94, review granted Jan. 13, 2021, S265918; see *Jones*, *supra*, 56 Cal.App.5th at pp. 482-485.)

Like the defendant in *Jones*, defendant here is not seeking relief because of the changes to section 189 that provide a basis for challenging his murder conviction but

19

because of purported changes in the law effected by *Banks* and *Clark* that provide a basis for challenging his special circumstance finding.  As we explained in *Jones*, the appropriate vehicle for asserting a challenge to the special circumstance finding is not a petition under section 1170.95.  Section 1170.95 does not permit a court to ignore express findings of a jury or to supplant them with new findings based on evidence provided at a hearing where the People would again have the burden of proof beyond a reasonable doubt.  If defendant believes the jury finding lacks evidentiary support, the appropriate procedure for challenging it is by a petition for habeas corpus.

Accordingly, we conclude here that defendant's special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law.  The petition was properly denied without an evidentiary hearing.

IV.  DISPOSITION

The trial court's postjudgment order denying defendant Carter's section 1170.95 resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MENETREZ
J.

20